FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 AUG 30 PM 3:57
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DAVID WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 312-028 |
| | ) | |
| MARTY ALLEN, Warden, and JOHN | ) | |
| TRIPP, Doctor, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Dodge State Prison ("DSP") in Chester, Georgia, has submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[1]

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he is unable to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

I.  SCREENING OF THE COMPLAINT

   A.  BACKGROUND

Plaintiff names the following Defendants in his complaint: Marty Allen, Warden of DSP, and John Tripp, a doctor at DSP. (Doc. no. 1, pp. 1, 4.) Plaintiff alleges that he arrived at DSP on August 23, 2011. (Id. at 5.) According to Plaintiff, at his prior facility, which he calls "Jackson State Prison (a Diagnostic Center)," he was given four profiles: "(1) bottom bunk, (2) lower range, (3) no prolong[ed] standing or walking and (4) use of a cane." (Id.) When he arrived at DSP, however, Plaintiff asserts that "they failed to honor [his] profiles." (Id.) Specifically, Plaintiff alleges that he was given a top bunk. (Id.) Plaintiff also claims that he did not get to see a doctor upon arrival at DSP. (Id.)

Plaintiff further alleges that the week after he arrived at DSP, he fell off the top bunk, and was subsequently diagnosed with a sprained neck and back at an outside hospital. (Id.) Plaintiff reports that when he returned to DSP, he was given a top bunk. (Id.) Plaintiff states that he was given a pain medication, Ultram, which "helped a little." (Id.) Plaintiff then alleges that Defendant Tripp changed his medicine to "Indomethacin (which hurt [his] stomach)." (Id.) Plaintiff asserts that Defendant Tripp then gave him "Robaccin," (id.), and that "they did not work." (Id.) Plaintiff alleges that "[a]fter all this suffering, [Defendant Tripp] never put [him] back on Ultram." (Id.)

Plaintiff next reports that on December 31, 2011, "they had [him] in 'lockdown' on the top range and again in a top bunk," though he was supposed to be "on a lower range and lower bunk." (Id.) Plaintiff alleges that he "complained to the staff about this and they did nothing about it." (Id.) On the same date, Plaintiff states that he fell on his back and was sent to an outside hospital. (Id.)

Plaintiff alleges that Defendant Allen "did nothing to insure that [Plaintiff] received

2

proper medical treatment, nor did he make sure that his staff did their job in providing for [Plaintiff's] safety (because they placed me in a top bunk when my medical profile specified lower housing range and bottom bunk)." (Id. at 6.) Plaintiff asserts that Defendant Allen's "inactions caused [him] to suffer both mental and physical pain." (Id.) Plaintiff also alleges that Defendant Tripp "did not insure that I received proper medical treatment, he changed my medication, he neglected my physical disabilities and he failed to properly treat me." (Id.) Plaintiff asserts that Defendant Tripp's "inactions caused [him] to suffer both physical and mental pain." (Id.) Plaintiff seeks compensatory damages for his physical pain and mental anguish, injunctive relief in the form of a transfer, court costs and legal fees, and "any other sanction and punitive damages" the Court determines. (Id.)

**B.    DISCUSSION**

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff's complaint fails to state a viable § 1983 claim against Defendant Allen.

First, Plaintiff's allegations that Defendant Allen, the Warden, "did nothing to insure that [Plaintiff] received proper medical treatment" and that he did not "make sure that his staff did their job" are vague and conclusory at best. However, vague and conclusory allegations are not sufficient to state a claim. See Taylor v. Singletary, 148 F.3d 1276, 1285 (11th Cir. 1998) (noting that a "bare, conclusory allegation . . . is insufficient, without more, to warrant further evidentiary consideration"); see also Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (noting that conclusory allegations are not entitled to an assumption of truth in determining whether a complaint states a claim upon which relief may be granted). Accordingly, Plaintiff's allegations fail to state a viable § 1983 claim against Defendant Allen. On that basis alone, Defendant Allen should be dismissed.

3

Moreover, Plaintiff's claims against Defendant Allen are inadequate to the extent that Plaintiff is attempting to hold him responsible for the acts of his subordinates. "[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold a supervisory official liable, Plaintiff must demonstrate that either (1) the supervisor actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

Plaintiff alleges that Defendant Allen did not make sure that Plaintiff received proper medical treatment or that the staff did their jobs. (Doc. no. 1, p. 6.) Nowhere, however, does Plaintiff allege that Defendant Allen actually participated in depriving him of medical care of failing to honor his profiles. To the contrary, Plaintiff clearly states that it was Defendant Allen's "staff" who ignored his profile, (id.), and Plaintiff does not allege that Defendant Allen, the Warden, participated personally in Plaintiff's medical treatment.

Similarly, Plaintiff fails to allege a "causal connection" between Defendant Allen and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). "The causal connection can be established when a history of widespread abuse[2] puts the responsible supervisor on notice of the need to correct the alleged

---

[2]The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

4

deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003)). Plaintiff has not made the necessary showing with respect to Defendant Allen. He has not alleged a widespread pattern of abuse, nor has he pointed to any custom or policy put in place by Defendant Allen that may have led to the alleged misconduct. Plaintiff has also failed to allege that Defendant Allen directed the purported misconduct of his staff, or even that he knew about it. Accordingly, Plaintiff fails to state a claim upon which relief can be granted against Defendant Allen, and he should be dismissed from this case.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendant Allen be **DISMISSED** from this case.[3]

SO REPORTED and RECOMMENDED this 30th day of August, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3] In a simultaneously filed Order, the Court has directed that service of process be effected on Defendant Tripp based on Plaintiff's Eighth Amendment claim for deliberate indifference to his serious medical needs.